Adalberto BURGOS, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8607–CR–662.

Supreme Court of Indiana.

Sept. 24, 1987.

William L. Touchette, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Dealing in Cocaine, a Class B felony. He was sentenced to fourteen (14) years imprisonment.

The facts are: Detective Mark Keller, of the Gary Police Department, testified that he and his partner, Detective Jury, were involved in an undercover drug investigation during August 1985. On August 8, 1985, Keller and Jury went to the Cozy Corner, a tavern located at 5th and Virginia Street in Gary, Indiana. Keller stated that

they arrived at the Cozy Corner at approximately 10:15 p.m. Keller went into the tavern while Jury waited outside in the automobile. Between 10:15 and 11:00 p.m., Keller observed several individuals approach appellant. In each instance, he saw people give appellant money in exchange for "a package."

Prior to August 8, 1985, Keller had been in the Cozy Corner and had observed appellant approximately fifteen times. He testified that he knew appellant as "Little Eddie." At approximately 11:00 p.m., Keller approached appellant and stated "a quarter girl." Keller testified that this phrase is a street term for a $25 package of cocaine. Keller testified he gave appellant $25 in exchange for a small plastic bag containing a white powdery substance.

Keller then left the tavern and returned to the police car. He and Jury drove to the Gary Police Department where Keller placed the plastic bag in an evidence locker. The next day the bag was transported to the Indiana State Police Laboratory in Lowell, Indiana, where it was analyzed and found to contain 0.1 gram of cocaine.

Appellant was not arrested on August 8 because there was a pending investigation of the tavern and several people within the tavern who were dealing in narcotics. Keller claimed that had he arrested appellant at that time it would have jeopardized the investigation.

Appellant's sole assignment of error is that there is insufficient evidence to support his conviction for dealing in cocaine. He recognizes that this Court will not ordinarily weigh evidence on appeal. However, he cites *Liston v. State* (1969), 252 Ind. 502, 250 N.E.2d 739 for the proposition that this Court has a duty to look at the evidence most favorable to the State. If it is determined that the facts are so devoid of evidence of probative value as to preclude guilt beyond a reasonable doubt, the Court should reverse the conviction. It is his position that Detective Keller's testimony is not worthy of belief.

Appellant testified that he is not known as "Little Eddie" and the State failed to introduce sufficient evidence identifying him as "Little Eddie"; therefore, Keller's testimony does not establish that he is the individual who sold Keller the cocaine. Whether appellant is known as "Little Eddie" is of little consequence. Although Keller referred to him by that name, the important fact established by Keller's testimony was that he had observed appellant on several occasions in the tavern and, on the night in question, he observed appellant make several sales of what he believed to be a controlled substance to several customers. After observing this activity, Keller approached appellant and purchased a quantity of cocaine.

At trial, Keller made a positive identification of appellant as the person he had observed and the person from whom he purchased the cocaine. There was no need whatever to establish whether appellant was correctly referred to as "Little Eddie."

Appellant further claims that Detective Keller's testimony is not credible because drug dealers do not sell to strangers and that he was not acquainted with Keller. He claims that it is unbelievable to think that a stranger could walk up to a drug dealer and purchase cocaine without knowledge on the drug dealers part as to whom he was making a sale. This contention of appellant would of course require us to weigh the testimony of Detective Keller. This is the exclusive prerogative of the jury. We see no reason to invade that prerogative. *Clark v. State* (1985), Ind., 480 N.E.2d 555.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.